**In re Don Francis LEVY, Debtor.**

**Don Francis LEVY, Plaintiff,**

v.

**Lelia Babin LEVY, Defendant.**

Bankruptcy No. 485–01135–LO–7.
Adv. No. 485–0194.

United States Bankruptcy Court,
W.D. Louisiana.

July 24, 1986.

Margaret Shook, Baton Rouge, La., for Lelia Babin Levy.

Gerald Schiff, Opelousas, La., for Don Francis Levy.

*Reasons for Judgment*

RODNEY BERNARD, Jr., Bankruptcy Judge.

This matter comes before the court upon the complaint of the debtor herein, seeking a determination that certain court-ordered "alimony" was, in fact, a property settlement, or alternatively, a reduction of that award to a "reasonable" amount. After trial, the court requested further briefing on certain issues. Having considered the evidence, and the briefs and arguments of counsel, the following shall constitute the findings and conclusions of the court.

## I.

Plaintiff and Lelia Babin, defendant, were married to each other on November 5, 1976. Prior to the marriage the parties entered into an Ante-Nuptial Contract which formally renounced the community of acquets and gains and established a regime of separate property. No children were born of the marriage between plaintiff and defendant.

A legal separation was obtained on August 1, 1980. Prior to the entry of the Judgment of Separation, the parties had compromised all of the issues between them. Consequently, on the same day the Judgment of Separation was entered, an Extrajudicial Partition was executed. On February 26, 1981, a Judgment of Divorce was obtained, forever terminating the bonds of matrimony theretofore existing between plaintiff and defendant.

In the Extrajudicial Partition, Judgment of Separation, and Judgment of Divorce, and in accordance with the agreement of the parties, Mr. Levy obligated himself to pay Mrs. Levy the sum of $1,000.00 per month, commencing September 1, 1980, and continuing for a period of ten (10) years. The obligation to make such payments, however, was contingent upon Mrs. Levy neither remarrying nor residing with another man during the ten year period. In addition, the payment was termed "alimony", and it was agreed that it could not be altered during the ten year period unless Mrs. Levy remarried or resided with any other man. In such event, Mr. Levy reserved the right to seek a reduction and/or termination of the payment.

Mr. Levy filed for relief under Chapter 7 of the United States Bankruptcy Code on September 17, 1985. Thereafter, on October 16, 1985, he filed a complaint against Mrs. Levy, seeking to have the Court determine the dischargeability of his obligation to make the monthly payments of $1,000.00.

On the trial of this proceeding, Mrs. Levy testified that she was employed at Lakeside Laboratory in Morgan City, Louisiana, and earned net wages of $826.00 per month. Later testimony established that that amount would soon be reduced. In addition, she receives child support from a former husband in the sum of $500.00 per month.

Mr. Levy, on the other hand, testified that he is unemployed at the present time, and has been unemployed for several months. Mr. Levy's training is in the boat industry, and, as the Court is aware, the marine industry in South Louisiana offers very little employment opportunities at the present time. Mr. Levy apparently does not have the means by which to satisfy the monthly obligation as set forth in the Judgment of Divorce.

## II.

Section, 523(a)(5)(B) provides that a discharge in Chapter 7 does not discharge

court ordered alimony or child support, to the extent that such debt is actually in the nature of alimony, maintenance or support.

■ First, this court is convinced that the award in question is alimony, and not a property settlement. Many of the traditional indicia of alimony are present, such as the possible termination upon the recipient's remarriage. Most significantly, due to the ante-nuptial agreement, the parties had no community of property. It is thus difficult to see how the payments in question could be determined to be a property settlement.

The second inquiry here is a great deal more difficult. The debtor cites a line of cases holding that in a case such as this, part of the bankruptcy court's determination should be the reasonableness of the state court award. *Long v. Calhoun*, 715 F.2d 1103 (6th Cir.1983); *In re Helm*, 48 B.R. 215 (Bankr.W.D.Ky.1985). The debtor argues that a reduction is appropriate in this case because the debtor is unemployed and thus has no income, and cannot get a modification in state court because of the contractural prohibition against seeking such a change. The defendant, on the other hand, points out that section 523(a)(5)(B) requires the court to determine nothing more than whether the obligation is actually in the nature of alimony, maintenance or support.

■ This court is fully cognizant of the position in which the debtor has been placed. He is faced with a non-dischargeable obligation, for a fairly considerable sum, with no income with which to pay it. He apparently has no recourse in the state court due to a contract term, although the court notes that that contract term was very much to the debtor's advantage when made. This court, however, is not the proper forum in which to address this problem. First, the inquiry in the *Calhoun* and *Helm* decisions is whether the amount of alimony ordered by the state court is so excessive as to be unreasonable in terms of traditional concepts of support. In other words, the court must look to whether the amount is excessive for the support of the

*recipient,* not in terms of what the debtor can afford to pay. This court does not find that $1000.00 per month is an excessive amount of support for the defendant, who has only a part time job. It is unnecessary, therefore, for the court to determine whether to accept the *Calhoun* and *Helm* line of reasoning, because this case does not meet even that rationale. Of course, what is implicit in *Calhoun* and *Helm*, in examining reasonableness only from the recipient's point of view, is that the payor may seek review in a state court if, due to a change in circumstances, the amount becomes burdensome. This court believes that the state court is the proper forum in which to seek such relief, which brings the court to the second reason for this decision.

A decision reducing or eliminating this alimony payment would be tantamount to overturning a state court decision. That result is inappropriate in this instance both for reasons of comity, and praticality. Even assuming this court has the power to reduce or eliminate those payments, it would be forced to determine what is reasonable support for the defendant and a reasonable amount for the debtor to pay, which it is not equipped to do. But, the inquiry would not end there. The matter would have to remain open for future determinations due to changes in circumstances. Again, that is something the bankruptcy court is ill-equipped to handle.

### Conclusion

For the foregoing reasons, this court finds that the debt to the defendant herein, of $1,000.00 per month, is alimony, and is therefore not dischargeable in bankruptcy. The court also finds that, for the reasons stated, a reduction in that amount is not proper. A judgment consistent with this opinion will be signed upon submission.